UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALEXANDER ESTEBAN ROGER LORA                                    PETITIONER

VERSUS                                  CIVIL ACTION NO. 5:26-CV-204-DCB-RPM

RAFAEL VERGARA                                                  RESPONDENT

## REPORT AND RECOMMENDATIONS

Before the Court is Petitioner Alexander Esteban Roger Lora's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  At the time the petition was filed, Petitioner was an immigration detainee housed at the Adams County Correctional Center in Natchez, Mississippi. He is a native and citizen of Cuba who claims to have arrived in the United States in July 2024. [1-1].  He was then detained on November 12, 2025.  [1] at 4.

In response to the petition, Respondent filed a Motion to Dismiss.  [7].  Respondent represents that Petitioner was released on April 2, 2026, and therefore is no longer detained at the Adams County Correctional Center or in United States Immigration and Customs Enforcement ("ICE") custody.  Indeed, according to ICE's Online Detainee Locator System, Petitioner is no longer at the Adams County Correctional Center or in ICE custody.[1]  Therefore, Respondent submits that the instant petition is now moot and may be dismissed without prejudice.  Petitioner has not filed a response to the motion.[2]

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "To invoke the

---

[1] The Court's search involved inputting Petitioner's "A-Number" and "Country of Birth."
[2] The Court also notes that mail sent to Petitioner has been returned with the notation "Released."  [9]; [10].

jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted). The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).

Petitioner sought release from ICE custody; and his petition is now moot because he has been released from ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as traditionally providing "a means to seek *release* from unlawful detention"). Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and should be dismissed as moot.

## RECOMMENDATION

The undersigned recommends that Respondent's [7] Motion to Dismiss be GRANTED and that Petitioner Alexander Estaban Roger Lora's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DISMISSED as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all

other parties.  A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED, this the 13th day of May 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE